ORIGINAL


FILED

02/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0031

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0031

---

IN THE MATTER OF THE ESTATE OF:

IAN RAY ELLIOT,                                        O R D E R

    Deceased.

FILED

FEB - 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Appellants Jenny Jing, Alice Carpenter, and Mike Bolenbaugh (collectively referred to as "Jing") petition this Court for rehearing of its December 19, 2023 Opinion affirming the District Court's denial of their M. R. Civ. P. 60(b) motion in the probate of the Estate of Ian Ray Elliott. Appellees Joseph Womack and Cindy Elliott oppose the petition.

We granted Jing an extension of time until January 16, 2024, to file her petition for rehearing. Womack points out that the petition was not filed until January 18, after remittitur was issued. The Court accepted the petition after learning from the Clerk that FedEx had delayed in delivering it beyond the guaranteed delivery date. Though Womack correctly observes that the Court did not first recall its remittitur, we do so here *nunc pro tunc* and consider Jing's petition.

This Court will consider a petition for rehearing only upon the following grounds:

(i) That it overlooked some fact material to the decision;

(ii) That it overlooked some question presented by counsel that would have proven decisive to the case; or

(iii) That its decision conflicts with a statute or controlling decision not addressed by the supreme court.

M. R. App. P. 20(1)(a).

Jing raises a host of arguments in their petition. Again, as they did on appeal, Jing raises a number of points attempting to relitigate matters decided in *In re Estate of Elliot*, No. DA 21-0343, 2022 MT 91N, ¶ 3, 2022 Mont. LEXIS 447 (*Estate of Elliot II*). As we noted in the Opinion, Jing's invitation to "reconsider" matters decided in *Estate of Elliot II* is not properly before us in this appeal. Opinion, ¶ 16. Jing contends that the District Court violated Jenny's First Amendment rights and their right to a jury trial when it appointed Andrew Billstein as special administrator of Ian's estate, adding that the hearing also was to consider the veracity of Womack's claim that Ian did not leave a signed will. However, Jing did not appeal the District Court's order appointing Billstein as the special administrator of Ian's estate, and we did not consider that order in their appeal of the Rule 60(b) ruling. Opinion, ¶ 2. Further, "[b]ecause M. R. App. P. 20(1)(a) requires petitioners to identify or establish, among other things, that this Court 'overlooked some question *presented by counsel* that would have proven decisive to the case[,]' it is manifest that new arguments cannot be raised in a petition for rehearing." *In re Conservatorship of H.D.K.*, S. Ct. No. DA 21-0011, 2021 Mont. LEXIS 910, (Or. Nov. 9, 2021).

Jing also reasserts their arguments that Womack did not have standing to seek appointment of a special administrator and that he committed a fraud upon the court. But we addressed both arguments in our Opinion (¶ 7 n.4, ¶¶ 14-16), and Jing has not demonstrated that the Court overlooked a question they presented that would have proven decisive to the case. Womack did not have to show that he was "injured" by loans made from StarFire to Ian's estate to qualify as an interested person for purposes of seeking supervised administration. Though Jing cites additional authority for their arguments, none of the cited cases constitutes a "controlling decision" that the Court overlooked, as we agreed with the District Court that Womack qualified as a "creditor" under the definition of "interested person." Opinion, ¶ 7 n.4.

We have considered the remainder of Jing's arguments and determine that they do not raise appropriate grounds for rehearing under M. R. App. P. 20(1)(a).

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED. Remittitur shall issue forthwith.

The Clerk is directed to provide a copy of this Order to all parties and counsel of record.

DATED this 6 day of February, 2024.

_____

_____

_____

_____

_____
Justices

Justice Ingrid Gustafson recused herself from participating in this appeal.

3